## NEW BIRDSALL CO. v. STORDALEN.

An agent, employed to obtain orders for threshing outfits, obtained an order from a buyer who was required to furnish farmers' notes as collateral. A third person was induced to execute a note as collateral on the assurance of the agent that it would be returned to him if the buyer failed to do his threshing. The buyer failed to do the third person's threshing. **Held,** that the principal, receiving the order and the note from the agent and delivering the outfit to the buyer, was not an indorsee in due course, and the failure of the buyer to do the third person's threshing was a defense to the note; the execution thereof being an incident to the procurement of the order, and the agent being required to communicate his knowledge to the principal.

(Opinion filed, October 30, 1906.)

Appeal from Circuit Court, Roberts County. Hon. A. W. CAMPBELL, Judge.

Action by the New Birdsall Company against Anton Stordalen. From a judgment for defendant, plaintiff appeals. Affirmed.

*R. O. Pearson, E. T. Taubman (Herreid & Williamson, of*

*counsel*), for appellant. *Howard Babcock* and *J. J. Batterton*, for respondent.

HANEY, J. This action is on a negotiable, pormissory note, executed by the defendant, payable to C. W. Martens, or 'bearer. Martens executed an order for one of plaintiff's threshing outfits, by which he was required to furnish farmers' notes to a certain amount as collateral security. He and plaintiff's local agent, who solicited such order, were present when the note in suit was executed. As to what took place at that time the evidence is conflicting, but the jury found that the defendant was induced to sign by the agent's assurance that the note would be returned, if Martens failed to do defendant's threshing, and that the note would not have been delivered without such assurance. The note, with others, and the order, were transmitted to the plaintiff, who delivered a threshing outfit to Martens. The latter failed to do defendant's threshing, and, it will be assumed, has not discharged the obligation for which the note is held as collateral.

These facts would constitute a complete defense in an action on the note by the original payee, and they constitute a complete defense in this action, unless the plaintiff occupies the position of "an indorsee in due course." It will be assumed that such is its position in all respects, except as to notice of the condition upon which the note was delivered by the maker, and it was without notice of such condition, unless it is chargeable with the knowledge of its agent, who was present when the note was executed. "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Rev. Civ. Code, § 1687. This agent was employed to obtain such orders as the one obtained from Martens. The execution of the note in suit was an incident to, and connected with, the procurement of such order, and he ought in good faith and the exercise of ordinary care, to have communicated his knowledge to his principal. The plaintiff who employed him, and not the defendant, should suffer because of his failure to perform such duty.

For these reasons the learned circuit court did not err in re-

ceiving evidence touching the circumstances attending the execution of the note, in refusing to direct a verdict for the plaintiff, or. in charging the jury as it did; and its judgment must be affirmed.

CORSON, J., not sitting.